# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ZEISS,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>CREDENCE RESOURCE MANAGEMENT, LLC,<br><br>　　　　　　　　　　Defendant. | CASE NO. 15cv2530-LAB (DHB)<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT** |

Brent Zeiss alleges that Credence Resource Management, LLC illegally reported his AT&T account as past due on his credit report. (Docket no. 4 at ¶ 12.) He alleges that he's

> informed, possesses knowledge, and believes thereon that Plaintiff does not owe the aforementioned past-due balance, and/or Defendant failed to notify Plaintiff that Defendant would report derogatory information of Plaintiff's credit report.

(*Id.*) And he alleges that he "paid the alleged debt in full." (*Id.* at ¶ 13.) He claims that this violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (FDCPA), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. (RFDCPA), and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25 (CCCRAA).

Credence has moved for dismissal or in the alternative for summary judgment. (Docket no. 7.) It argues that dismissal is proper because: (1) contrary to his allegations,

and as evidenced by an AT&T account statement that Credence attaches to its motion, Zeiss hasn't paid the debt in full; (2) Credence reasonably relied on information from AT&T wireless; and (3) Credence maintained procedures to ensure accuracy, so it's protected by the bona fide error defense. (*Id.*)

## I. Discussion

### A. Motion to Dismiss

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). The Court must accept all factual allegations as true and construe them in the light most favorable to the non-moving party. *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat Credence's motion to dismiss, Zeiss' factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "[s]ome threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (quotation omitted).

The Court doesn't rely on Credence's AT&T account statement in deciding the motion to dismiss. While Zeiss alleged that he had an AT&T account, he didn't refer to the statement. Thus, it's not "evidence on which the complaint necessarily relies." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks omitted). The motion to dismiss turns on whether Zeiss' "paid in full" allegation is sufficient, without more, to state a cognizable legal claim. Credence suggests that Zeiss needs to allege the date of payment or submit some evidence that payment occurred. (Docket no. 7 at 2.) The Court finds no support for this argument. Zeiss' allegations are sufficient to survive Credence's motion to dismiss.

### B. Motion for Summary Judgment

"[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the evidence shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All reasonable inferences

from the evidence are drawn in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986). "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." *See* Fed. R. Civ. P. 56(d).

Credence supports its motion for summary judgment with the AT&T account statement and a declaration from its president. (Docket no. 7-2.) Zeiss doesn't offer evidence in opposition. Instead he contends that he should be given an opportunity to conduct discovery. (Docket no. 8 at 11.) Zeiss has failed to submit an affidavit or declaration as required by Rule 56(d). The Court nonetheless considers his request for additional discovery and grants it. *See Godshall v. Indep. Commc'ns, Inc.*, 2011 WL 5980922, at *4 (E.D. Pa. Nov. 30, 2011). This is a simple case and discovery shouldn't take long. If Zeiss can't produce evidence that he paid the debt in full, or otherwise rebut Credence's evidence, summary judgment may be granted.

## II. Cautionary Note

Although Credence's evidence can't be considered a this stage of the case, the Court observes that Zeiss' counsel has both an obligation to investigate his clients' allegations and an obligation not to plead a claim that he learns is without factual or legal support. Fed. R. Civ. P. 11(b). If counsel is aware of facts that bar Zeiss' claims—such as failure to pay the AT&T account in full—and pursues the claim without a non-frivolous argument that the claim is nevertheless viable, "counsel treads on perilous ground." *Medrano v. Caliber Homes Loans, Inc.*, 2014 WL 7236925, at *8 (C.D. Cal. Dec. 19, 2014).

## III. Conclusion

The motion to dismiss or in the alternative for summary judgment (Docket no. 7) is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 9, 2016

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge